United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDER GREEN, | No. C 05-1514 MEJ |
| Plaintiff(s), | **ORDER RE: STAIR INSPECTION** |
| vs. | |
| UNITED STATES, | |
| Defendant(s). | |

The Court is in receipt of the parties' joint letter, filed May 19, 2006, concerning plaintiff Leander Green's request to inspect the stair on which he slipped at defendant United States' Oakland postal facility. Although Plaintiff's safety engineer, Dr. Robert Liptai, inspected the stair in November 2003, he subsequently passed away in December 2005. Since the time Dr. Liptai inspected the stair, the postal facility covered it with a slip resistant tape, whereas at the time of the slip it was bare metal. Plaintiff seeks permission to have his expert remove a two-to-three square inch portion of the tape to test the bare metal. After testing, Plaintiff's expert will restore the stair with a commercial grade anti-skid material, or alternatively Plaintiff will pay the Postal Service to replace the anti-skid material. Although Dr. Liptai tested the bare metal in 2003, Plaintiff argues that a gap in Dr. Liptai's notations could render an opinion based on his information susceptible to a *Duabert* challenge.

In response, Defendant argues that it is unclear why Plaintiff's current expert is unable to rely on previous expert's testing given that the safety engineer in 2003 performed the same tests. Defendant further argues that if the Court permits Plaintiff's expert to remove the tape, it should also

order Plaintiff to defend and indemnify the Postal Service for claims arising from the condition of the stair for a two year period.

Upon review of the parties' arguments, the Court finds good cause exists to permit Plaintiff's new expert to remove a small strip of the anti-skid material to test the bare metal. Prior to removing the strip, the parties shall agree upon the commercial grade anti-skid material that will be used to restore the stair after testing. Immediately after testing, Plaintiff's expert shall restore the stair with the agreed-upon material. The parties shall also agree upon an expert to inspect the stair after restoration, and said expert shall inspect the stair, at Plaintiff's expense, on the same day Plaintiff's expert applies the material. Plaintiff need not agree to Defendant's proposed 2-3 year indemnity proposal; however, Plaintiff shall be liable for any claims that arise as a result of the condition of the stair from the time Plaintiff's expert removes the strip of anti-skid material to the time that the agreed-upon expert completes an inspection of the restored stair and determines it meets all relevant safety standards.

**IT IS SO ORDERED.**

Dated: May 23, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

2